BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 12th St. –Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant SCOTT WAYNE ALLEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-07 00510 MJJ |
|---|---|---|
| Plaintiff, | ) | JOINT SENTENCING MEMORANDUM |
| vs. | ) | **Sentencing Date: December 21, 2007** |
| SCOTT WAYNE ALLEN, | ) | |
| Defendant. | ) | |

**1. Preliminary Statement**

Scott Wayne Allen pleaded guilty to a single count of passport fraud on his first appearance before this Court. He has no scoreable criminal history and cooperated fully with law enforcement during their investigation of this case. For these reasons, the parties have recommended a split-sentence of four months: two months in custody and two months in a halfway house. As discussed *post*, the parties feel that the proposed sentence is just and properly reflects the factors set forth in 18 U.S.C. § 3553(a).

SENTENCING MEMO                    1

2.  **Sentencing Recommendation**

## I.

### The Components of A Reasonable Sentence

*United States v. Booker*, 543 U.S. 220 (2005), directs the sentencing court to impose an appropriate sentence, unencumbered by offense levels, criminal history, or the availability of authorized downward departures. Under the post-*Booker* discretionary sentencing regime, the advisory Guideline range is only one factor among several that this Court is required to consider in determining what constitutes a reasonable sentence.

In *Rita v. United States*, 127 S.Ct. 2456 (2007), the Supreme Court clarified that circuit courts of appeal may apply a presumption of reasonableness to sentences within the applicable Guidelines range; the district court, however, "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465. It must exercise "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors. *Id.* at 2469.

18 U.S.C. § 3553(a), the wellspring from which a reasonable sentence must be drawn, directs the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. Section § 3553(a) (emphasis added). Those purposes include the need:

- to provide just punishment;
- to create adequate deterrence;
- to protect the public; and
- to provide the defendant with necessary treatment and training.

Section 3553(a)(2).

## II.

### A Sentence of Four Months is Appropriate in This Case

In mid-2001, believing (incorrectly) that he faced a lengthy prison term for drug charges,

1  Mr. Allen obtained a passport under the name "Karl Henry Fonner" and traveled to New Zealand.
2  He married, started a family and resided there for six years. He was apprehended by law
3  enforcement officers at Los Angeles International Airport on June 8, 2007.
4      A split-sentence of four months is just punishment in this case. Mr. Allen has a relatively
5  minor criminal history. Although the guidelines are a mere data point in the sentencing analysis,
6  it is noteworthy that the sentencing range is zero to six months. In structuring the proposed
7  sentence, the parties have attempted to balance a number of factors: Mr. Allen's use of another's
8  identity to avoid prosecution and his continuing use of false identity while living abroad on the
9  one hand, and his swift cooperation and potential loss of family life – at least for the foreseeable
10 future – on the other.
11     The recommended sentence also adequately serves the purpose of deterrence and
12 protecting the public. Mr. Allen finds himself attempting to reconstruct his life in a country that
13 has become alien to him, and without the support of his wife and child. He has lost contact with
14 virtually all of what little social network he had before leaving the United States. Further, he
15 recognizes that  must live without his wife and child for the foreseeable future. The
16 consequences of this offense could not be clearer and will dissuade Mr. Allen from further
17 criminal conduct.
18     The foregoing facts also demonstrate that the proposed sentence will provide necessary
19 structure to Mr. Allen. He is bereft of shelter, support from family or friends, and employment
20 prospects. If he is to succeed in reintegrating into society, he will need a stable living
21 environment and assistance. The parties believe that two months in a halfway house will provide
22 both the environment and the time necessary to insure a successful reintegration.
23 //
24 //
25 //
26 //

SENTENCING MEMO                  3

**3. Conclusion**

For the reasons stated, the parties jointly request that the Court impose a sentence of four months, of which two are served in custody and two in a halfway house.

Dated: December 7, 2007                        Respectfully submitted,

                                                  /S/

                                       JEROME E. MATTHEWS
                                       Assistant Federal Public Defender

                                                  /S/

                                       BRYAN WHITTAKER
                                       Special Assistant United States Attorney